UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CT-3143-BO

| | |
|---|---|
| JESUS ADAN CRUZ RIOS, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>TREMONT VEALE, )<br>    Defendant. ) | O R D E R |

On June 7, 2013, plaintiff ("Rios"), a state inmate, filed this civil rights action pursuant to 42 U.S.C. § 1983. Compl., D.E. 1. On June 18, 2014, defendant Veale filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mot. to Dismiss, D.E. 7. Rios was provided with notice of the motion and informed of the possible dismissal of his action if he did not respond. Notice, D.E. 9. Rios filed no response to the motion, nor has he filed anything with the court since filing his action. See docket. In this posture, the matter is ripe for determination.

Factual Allegations

Rios alleges that on December 8, 2012, defendant Veale violated his Eighth Amendment rights by using excessive force against him. Compl., attach. grievance. The claim in its entirety is as follows:

> [o]n Dec. 8, 2012 while on a Code 1 lockdown after last meal my trap was open, my arm was placed in the trap when C/O Veale picked up trays. I requested to speak with the captain or lieutenant about the procedures going on under the Code 1. C/O Veale then close the trap with his knee forcefully while my arm was in the trap. To the extent I needed medical attention afterwards. There was several inmates who witness this incident: Miguel Heredia, Reggie Ballard, Jermaine Tillery and David Minard whom all reside at Bertie Correction. At the time they were all in the block with me, a diagram has been enclosed.

Compl., D.E. 1 at 4. Rios seeks to be compensated for "pain and injury," and all "the monies that have been exhausted upon this whole matter." Id. at 5. Attached to his complaint are several grievances, responses thereto, and other communications to Rios regarding the incident. Rios does not contend that the attachments, specifically the documentation that no medical injury was sustained as a result of the incident, are inaccurate. See attch.

Legal Standard and Discussion

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. See, e.g., Iqbal, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50. In addition to the complaint, the court may consider documents integral to and explicitly relied on in the complaint if the plaintiff does not challenge their authenticity. Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir.2004). The court may also take judicial notice of matters of public record. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

The Eighth Amendment protects inmates from cruel and unusual punishment. See Wilson v. Seiter, 501 U.S. 294, 296–97 (1991); Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). To succeed on an excessive force claim under the Eighth Amendment, a prisoner must establish that "the officials act[ed] with a sufficiently culpable state of mind" and that "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." Hudson v. McMillian, 503 U.S. 1, 8 (1992) (alteration in original) (quotation omitted). The "core judicial inquiry . . . [is] not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 130 S. Ct. 1175, 1178 (2010) (per curiam) (quotations omitted); see United States v. Gore, 592 F.3d 489, 494 (4th Cir. 2010); Case v. Ahitow, 301 F.3d 605, 607 (7th Cir. 2002); McBride v. Deer, 240 F.3d 1287, 1292 (10th Cir. 2001); Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987). However:

> This is not to say that the absence of serious injury is irrelevant to the Eighth Amendment inquiry. . . . [N]ot every malevolent touch by a prison guard gives rise to a federal cause of action. The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive[-]force claim.

Wilkins, 130 S. Ct. at 1178 (citations and quotations omitted); see Hudson, 503 U.S. at 9; Whitley v. Albers, 475 U.S. 312, 319 (1986); Gore, 592 F.3d at 494. "Thus, the determination of whether an Eighth Amendment violation has occurred through the use of excessive force in the prison context 'turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the purpose of causing harm.'" Gore, 592 F.3d at 494 (quoting and citing Whitley, 475 U.S. at 320–21).

3

The grievances state that upon investigation it was found that defendant Veale closed the door on Rios' arm when Rios stuck it back through the trap door. Rios does not dispute this. The medical information before the court shows that Rios' arm was x-rayed, and no injury was found. Rios has failed to illustrate that Veal used force in an objectively harmful manner. It appears the situation was an unintentional one. At most, it appears that Veal was closing the trap door of a cell and unintentionally closed it on Rios, when by Rios' own action, stuck his arm back through the closing door. Dismissal pursuant to Rule 12(b)(6) is appropriate.

Likewise, Veale is entitled to qualified immunity. The doctrine of qualified immunity provides that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see Reichle v. Howards, 132 S. Ct. 2088, 2093 (2012); Brandon v. Holt, 469 U.S. 464, 472–73 (1985). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986); see Reichle, 132 S. Ct. at 2093; Messerschmidt v. Millender, 132 S. Ct. 1235, 1244 (2012); Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2085 (2011); Pearson v. Callahan, 555 U.S. 223, 231–32 (2009).

The court must ask two questions to determine whether qualified immunity applies. See, e.g., Reichle, 132 S. Ct. at 2093; Pearson, 555 U.S. at 232; Brockington v. Boykins, 637 F.3d 503, 506 (4th Cir. 2011); Doe ex rel. Johnson v. S.C. Dep't of Soc. Servs., 597 F.3d 163, 169 (4th Cir. 2010); Unus v. Kane, 565 F.3d 103, 123 n.24 (4th Cir. 2009); Miller v. Prince George's Cnty., 475 F.3d 621, 626–27 (4th Cir. 2007). Courts have discretion about which question to

address first. Pearson, 555 U.S. at 236. The court must determine "whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right." Id. at 232. The court also must determine "whether the right at issue was clearly established at the time of defendant's alleged misconduct." Id. (quotation omitted). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, [t]he contours of [a] right [are] sufficiently clear that every reasonable official would have understood that what he is doing violates that right." al-Kidd, 131 S. Ct. at 2083 (quotations omitted) (alterations in original). The United States Supreme Court does "not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." Id.; see Reichle, 132 S. Ct. at 2093. Thus, a defendant is entitled to qualified immunity grounds if the answer to either question is "no." See, e.g., Reichle, 132 S. Ct. at 2093; al-Kidd, 131 S. Ct. at 2080; Miller, 475 F.3d at 627; Bostic v. Rodriguez, 667 F. Supp. 2d 591, 606 (E.D.N.C. 2009). Here, no constitutional violation has been articulated.

Accordingly, defendant's motion to dismiss [D.E 7] is GRANTED, and the case is DISMISSED with prejudice in its ENTIRETY. The Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this the 4 day of November 2014.

TERRENCE W. BOYLE
United States District Judge